UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHAN JOINER, JR.,

    Plaintiff,

v.

STEVEN A. FREEMAN, et al.,

    Defendants.
_____/

Case No. 1:24-cv-1238

HON. JANE M. BECKERING

## MEMORANDUM OPINION AND ORDER

This is a civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff, who is a state prisoner, filed a Complaint alleging violations of his constitutional rights arising out of his prosecution, defense, and trial in state court (ECF No. 1).  Plaintiff was granted *in forma pauperis* status on November 25, 2024.  This matter was referred to the Magistrate Judge, who screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and issued a Report and Recommendation, recommending that the Court dismiss the Complaint on the basis of the holdings of *Preiser v. Rodriguez*, 411 U.S. 475 (1973) and/or *Heck v. Humphrey*, 512 U.S. 477 (1994).  The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation.  In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made.  The Court denies the objections and issues this Opinion and Order.

Plaintiff argues that the Magistrate Judge erred because: (1) Plaintiff is not challenging his state court convictions; (2) Plaintiff is not challenging the fact or duration of his confinement; and (3) Plaintiff's Complaint alleged how his "rights were violated before even being convicted" and thus "[i]t would be uncalled for to [bar] [his] [C]omplaint under '*Heck*'" (ECF No. 9 at PageID.47–8).

Under *Heck*, a plaintiff cannot proceed pursuant to § 1983 when success "would necessarily imply the invalidity of his conviction" unless that conviction has been invalidated. 512 U.S. at 487. Even construing Plaintiff's *pro se* Complaint indulgently, Plaintiff appears to allege that his rights were violated by the manner in which he was prosecuted and defended—prior to, during, and after trial—and more broadly by the manner in which he was tried. Due to these violations of his rights, Plaintiff alleges, he was "forced into having a mistrial, where [he was] found guilty by a jury of 13 criminal charges" (ECF No. 1 at PageID.3). All of the allegations Plaintiff brings, if he were to succeed, "would necessarily imply the invalidity of his conviction[s]." Thus, even assuming *arguendo* that Plaintiff is not challenging the fact or duration of his confinement—and acknowledging that Plaintiff means to challenge the conduct of prosecutors, defense attorneys, witnesses, judges, and others that led to his state court convictions—Plaintiff's argument fails to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. A Judgment will be entered consistent with this Opinion and Order. *See* Fed. R. Civ. P. 58. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See*

*McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).

Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 9) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 8) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.


Dated:  February 13, 2025                       /s/ Jane M. Beckering
                                                JANE M. BECKERING
                                                United States District Judge